IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.  12-cv-03112-CMA-CBS

ROBERT R. MCREYNOLDS,

        Plaintiff,

v.

ALBERTSONS,

        Defendant.

## JOINT PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, **IT IS ORDERED**:

1) This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2) As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3) Information designated "CONFIDENTIAL" shall be information that is deemed by the parties after a good-faith review to be confidential in that it implicates common law and/or statutory privacy interests, for instance, of (a) Albertson's LLC ("Albertson's"); (b) current or

former employees of Albertson's or its affiliates, and/or (c) Plaintiff. Confidential information shall not be disclosed or used for any purpose except the preparation and trial of this case.

4) CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

a) attorneys actively working on this case;

b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

c) the parties;

d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e) the Court and its employees ("Court Personnel");

f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g) deponents, witnesses, or potential witnesses; and

h) other persons by written agreement of the parties.

5) Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6) Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7) Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8) A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within thirty (30) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9) With sixty (60) days of the conclusion of this case, unless other arrangements are agreed upon, the parties shall either (1) return all CONFIDENTIAL material and all copies thereof (including summaries and excerpts and copies in hands of outside experts or consultants) to the producing party's counsel; (2) destroy all such CONFIDENTIAL material and certify in writing to the designating party's counsel that such destruction has occurred; or (3) take measures to maintain the confidentiality of all such CONFIDENTIAL material indefinitely (*e.g.,* on a secured law firm electronic storage system) and certify in writing to the designating party's counsel that such measures have been taken, such certification to provide detail regarding the specific measures taken.

10) This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado this 14th day of May, 2013.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge